J. W. THOMPSON, *et al.*, COMPLAINANTS, APPELLEES, *v.* ROBERT L. DENMAN, DEFENDANT, APPELLANT.

(*Knoxville,* September Term, 1931)

Opinion filed, June 6, 1932.

J. W. THOMPSON and WM. L. FRIERSON, for complainants, appellees.

CARLYLE S. LITTLETON, for defendant, appellant.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

Upon the petition of the Grievance Committee of the Hamilton County Bar Association a decree was entered by the Chancellor permanently disbarring the defendant from practicing law in this State. Upon appeal, the Court of Appeals so modified the decree of the chancellor as to deprive the defendant of the right to practice law for a period of two years.

Complainants have filed a petition for writ of *certiorari,* for the purpose of having the decree of the Court of Appeals reviewed, which has heretofore been granted and argument heard. The specific act for which the defendant was disbarred was his statement to the deputy circuit court clerk that the trial court had directed her to change the return date of a subpoena to answer when the court had in fact given no such instruction. Process was issued in a divorce suit on July 29th, returnable to the September rules, and was so served. On August 12th, upon a *pro confesso,* the defendant, as counsel for the petitioner in the divorce suit, had the cause heard and his client was awarded a divorce. In preparing his decree, defendant discovered that process was returnable to the September rules, and hence a decree entered at that time would be a nullity. He thereupon stated to the clerk that the court had instructed her to change the date of the return from September to August. Instead of changing it, the clerk submitted the matter to the court, who ordered the entire proceedings set aside.

The Chancellor and the Court of Appeals concurred in finding the defendant guilty of the charge preferred

against him in the petition. In addition to the foregoing, the record shows that the defendant has heretofore been cited before the Grievance Committee on several charges of unprofessional conduct; that at one time he was suspended from the practice of law by the circuit court for a period of ninety days. It further appears that his general character, professionally, is bad, and that he is not entitled to full faith and credit upon his oath where he is interested. He introduced no testimony to sustain his character. From his admissions upon cross-examination it is apparent that his conception of legal ethics is far below standard. The Chancellor, in disposing of the cause, said:

"My delay in deciding the case has not been due to any doubt about the facts but to my reluctance to pronounce a decree of disbarment, and a desire to consider maturely whether a judgment short of disbarment might not properly be made. It cannot be. Let a decree be entered as prayed."

It is essential that one engaged in the profession of the law possess a high moral character. Defendant does not measure up to this requirement. He is therefore disqualified to practice law.

█ It was urged in argument that since the Court of Appeals has exercised its discretion in the imposition of punishment, this court will not modify its decree unless it finds that there has been an abuse of discretion. In 6 Corpus Juris, 610, it is said: "In some cases it has been held that an appeal or writ of error will not lie to review an order suspending or disbarring an attorney; but under the statutes in most jurisdictions the rule is now otherwise. The lower court's exercise of discretion, however, will not be interfered with except in case of abuse."

Section 4, chapter 42, Acts of 1919, provides that in all proceedings "either party may except to the judgment of the trial court, and may prosecute an appeal to the Supreme Court." By chapter 100, Acts of 1925, jurisdiction upon appeal lies in the Court of Appeals, and its decree is reviewed by this court upon petition for writ of *certiorari*. The exercise of discretion relied upon relates to the trial court rather than the appellate court.

Under the facts of this cause there was no abuse of discretion by the Chancellor, so that the decree of the Court of Appeals will be reversed and that of the Chancellor affirmed.